Benjamin Fairman and Minnie Fairman v. Commissioner.
Fairman v. Commissioner
Docket No. 16538.
United States Tax Court
1949 Tax Ct. Memo LEXIS 290; 8 T.C.M. (CCH) 30; T.C.M. (RIA) 49006; January 18, 1949
*290 Percentage of proft earned in operation of a grocery store determined. Stephen T. Dean, Esq., 1421 Chestnut St., Philadelphia, Pa., for the petitioners William D. Harris, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $3,132.19 in petitioners' income tax for the year 1944. Petitioners allege error in two respects: 1. The determination that the profit from petitioners' grocery store should be increased in the amount of $10,042.97, 2. The increase of $332.39 in income from rents *291 received consequent on the disallowance of a deduction for interest in the amount of $280.42 and the disallowance of $51.97 for fuel oil for personal use. In the course of his audit, respondent concluded that petitioners' books did not accurately reflect profit from petitioners' store and, pursuant to section 41, Internal Revenue Code, recomputed the profits by taking 25 per cent of gross sales and making various other adjustments. The record does not reveal the exact details of the computation. [The Facts] In this case, as in all cases before this Court (with the exception of instances not here present) a presumption of correctness is accorded to the finding of respondent and the burden of proof of error rests on petitioners. Respondent has held that petitioners' books did not accurately reflect income from the store and petitioners undertook to prove the contrary, i.e., that the books accurately reflected income. Such an objective should be established by submission of supporting data by which the accuracy of the accounts can be tested, - by invoices, receipts, canceled checks, vouchers and similar data. It is not adequately established by the self-serving *292 opinion of taxpayers' auditor based on the same data and information that was available to respondent's agent. Petitioners submitted no such supporting data and undertook to account for its absence by an explanation which did not commend itself to the Court that all receipts, canceled checks, and similar papers were stored in a box in the cellar; that "we had a new boy after school and we sent him down in the cellar to clean up the rubbish and he probably thought it was rubbish also. * * * He probably threw them out and gave them to the rubbish man." Putting the validity and authenticity of this explanation aside, the record is so scanty and so lacking in conviction as to make it impossible for us to conclude that the respondent erred in holding that the books did not accurately reflect petitioners' income. Since petitioners have failed to prove respondent to be in error in his conclusion as to taxpayers' books, there remains to be decided only the accuracy of the several items entering into respondent's computation. The agent testified that the figure of 25 per cent profit based on gross sales was the percentage used by him. Various other adjustments as to deductions were made. *293 Petitioners undertook to disprove the accuracy of the figure of 25 per cent. The testimony convinces us that a figure of 20 per cent would be more nearly accurate in the present case and we so find. In the computation consequent on this opinion the figure of 20 per cent of gross sales will be used. Of the deductions disallowed by respondent, petitioners contest only that of $332.39 (classed as rents received but consisting of excess interest on mortgage, $280.42, and fuel oil for personal use, $51.97), together with a deduction "other business expense" amounting to $1,500. The record fails to establish error as to the item of $332.39 rents received. [Opinion] The only other item attacked by petitioners was the disallowance of a deduction [1] of $1,500 listed as "other business expense" but actually representing "dues" paid to Moore Street Retail Meat Cooperative Association. The record reveals that this payment was made in a scheme to get around the ceiling prices fixed by the Office of Price Administration (O.P.A.) for certain meats. That the scheme was illegal and worked a fraud is implicit in the final decree of the Federal District Court for the Eastern District of Pennsylvania *294 in a suit brought by the O.P.A. against the Moore Street Retail Meat Cooperative Association and others, which decree enjoined and restrained the Meat Association from further action in violation of Revised Maximum Price Regulation No. 169, and gave judgment to the Government against the defendants, including judgments against the Moore Street Retail Meat Cooperative Association in amounts aggregating in excess of $100,000. Petitioners endeavored to justify the deduction of the sum of $2,000 on the ground that at the time the payments were made "they had been advised and had every reason to believe that the cooperative met with the approval of government officials" and that, accordingly, the payment was an ordinary and necessary expense of doing business within the meaning of section 23 (a) (1), I.R.C. We cannot agree. Petitioners have failed on the record made to establish the deductibility of such item and respondent's determination in this respect, of which the disallowance of the deduction formed a part, must be sustained. *295 Decision will be entered under Rule 50. Footnotes
1. Petitioners' return shows deduction "Meat Assns., $1,500.00" but petitioners contended at the hearing that respondent actually disallowed an additional $500 as to this item and that they paid a total of $2,000.↩